IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3105-BO

| | | |
|---|---|---|
| MICHAEL GRAY GODFREY | ) | |
|     Plaintiff, | ) | |
| | ) | |
|         v. | ) | <u>O R D E R</u> |
| | ) | |
| DR. LONG, et al., | ) | |
|     Defendants. | ) | |

Plaintiff, an inmate in the custody of North Carolina Department of Correction, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Now before the court are several pending motions which are ripe for ruling. Plaintiff's motions (some motions contain multiple parts) are as follows: 1) motion to appoint counsel (D.E. # 16), 2) motion for objections to the motion to dismiss, objections to the attorney general's representation of any named or un-named defendant and amendment to the complaint (D.E. # 24), 3) motion for default judgment against Dr. Long (D.E. # 25), 4) motion to appoint counsel, issue an order staying the execution of the Estate of Dr. Long, and instruct the North Carolina Department of Correction to provide supplies (D.E. # 34), and 5) motion to produce (D.E. # 35). Defendant Nurse Laura West (a Nursing Supervisor at Lumberton Correctional Institution erroneously impleaded as "Head Nurse Lumberton on 6/26/07") filed both a motion to dismiss (D.E. # 17) and motion for a protective order (D.E. # 36) and defendant Nurse James "Mike" Bynum (a Licensed Practical Nurse at Central Prison erroneously impleaded as "Discharge Nurse Mike") filed both a motion to dismiss (D.E. # 20) and motion for protective order (D.E. # 39).

i. The Court's Continued Frivolity Review

After filing the original frivolity review order, plaintiff filed a multi-part motion which included a motion to amend the complaint. (D.E. # 24). The motion to amend seeks to include as defendants "Health Care Contract/Provider" and "North Carolina Prisoner Legal Services, Inc. . . . specifically . . Tod M Leaven." While the court originally allowed the three named defendants to proceed, the court "shall dismiss the case at any time if the court determines that - the action . . . is frivolous . . . or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). (see, D.E. # 7, Order).

To avoid dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d

1386, 1390 (10th Cir.1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)).

First, "Health Care/Contract Provider" is not a proper party. Plaintiff argues that Nurse West is "not an employee who is employed by the State of North Carolina" but by "Health Services Provider" and therefore should not be represented by the Attorney General's Office but by private counsel. (D.E. # 24, 2) Plaintiff states that the motion to amend should include "Health Care/Contract Provider" and then "Health Care/Contract Provider" should be "ordered" to submit a written copy of "standard procedure" for post-operative care. (Id. at 6)

The party charged with a constitutional deprivation in a 42 U.S.C. § 1983 action generally must be a state actor. Debauche v. Trani, 191 F.3d 499, 506-507 (4th Cir. 1999). While there are "four exclusive circumstances[1] under which a private party can be deemed to be a state actor" and subject to § 1983 liability, DeBauche v. Trani, 191 F.3d 499, 507 (4th Cir. 1999), plaintiff has not identified any conduct by the corporate defendant which would allow the court to find that the corporate defendants acted under color of law for purposes of § 1983. Health

---

[1] Those circumstances include:
(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.
DeBauche, 191 F.3d at 507.

3

Services Provider is not a state actor, nor has a sufficiently close relationship with state actors been alleged for the court to conclude that the non-state actor is engaged in the state's actions. Id. (citations omitted)

Second, neither NCPLS nor Tod M. Leaven is a proper party. NCPLS is operated and overseen by Legal Services of North Carolina Inc. ("Legal Services"). See Smith v. Bounds, 657 F.Supp. 1327, 1328 n. 1 (E.D.N.C. 1986), aff'd, 813 F.2d 1299 (4th Cir. 1987). Legal Services is a not-for-profit corporation. See N.C. Gen.Stat. § 7A–474.2(1a). A private entity such as NCPLS is not a state actor and is therefore not amenable to suit under section 1983 except in certain narrow circumstances, none of which apply here. See Bryant v. N.C. Prisoner Legal Servs., Inc., 1 F.3d 1232, 1993 WL 291448, at *1 (4th Cir. Aug. 2, 1993) ("NCPLS and its attorneys are not state actors amenable to suit under 42 U.S.C. § 1983.") (per curiam); Haavistola v. Comm. Fire Co. of Rising Sun, Inc., 6 F.3d 211, 215 (4th Cir.1993) (identifying situations in which conduct by a private entity constitutes "state action"). While it is true that private individuals can become state actors by entering into contracts with the state to provide services that the state is obligated to provide, See West v. Atkins, 487 U.S. 42, 54 (1988), in Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held a state-paid public defender occupied a sufficiently independent and adversarial role to the state such that he did not act under color of state law when representing a criminal defendant. Similarly, the court noted the independence of NCPLS attorneys in Smith. See Smith, 657 F. Supp. at 1331. Because NCPLS and Tod M. Leaven were not acting under color of state law for purposes of section 1983, they are not proper party defendants.

4

Lastly, the court reviews the factual allegations. Plaintiff originally named as defendants Dr. Long, Nurse James "Mike" Bynum, a Licensed Practical Nurse at Central Prison, and Nurse Laura West, a Nursing Supervisor at Lumberton Correctional Institution. Plaintiff seeks $5,000,000 in unspecified damages.

The facts as plead by plaintiff are as follows. On or about June 26, 2007, plaintiff underwent surgery for a bilateral inguinal hernia at Central Prison in Raleigh, North Carolina. (Compl. IV, Statement of Claim, Attch. Administrative Remedy Procedure at page 8 of Compl.). After surgery, plaintiff alleges he was given a shot for pain administered through the intravenous (IV) port. (Id.) Thereafter, the IV was ordered to be removed so that he could be transported back to Lumberton Correctional Institution ("Lumberton CI"). (Id.) However, the IV was never removed and remained in his left arm. (Id.)

On or about June 26, 2007, plaintiff was returned to Lumberton CI where he had been housed prior to surgery. (Id. and Attch. Administrative Remedy Procedure at page 14 of Compl.) While in transport to Lumberton CI, plaintiff alleges he passed out three times and fell on the IV lock, causing the tube to fill with blood. (Id.) Plaintiff alleges he could have bled to death from the pooling blood in the IV lock. (Id.) Plaintiff alleges that "the nurse" was negligent for not following Dr. Long's orders to remove the IV and Dr. Long was negligent for not ensuring his orders were followed. (Id.)

At this juncture the court shall pause in the factual discussion, given there are no other facts associated with Dr. Long, he is dismissed from the suit. To establish an Eighth Amendment claim for denial of medical care, a prisoner must establish "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97,

5

106 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quotation omitted).

Deliberate indifference requires that a defendant knew of and purposefully ignored "an excessive risk to inmate health or safety . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. "[O]bduracy and wantonness, not inadvertence or error in good faith, . . . characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986). Deliberate indifference "sets a particularly high bar to recovery." Iko, 535 F.3d at 241. "[T]o establish a claim of deliberate indifference to [a] medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). However, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

Here, there is not one factual allegation that Dr. Long knew of and purposefully ignored an excessive risk to plaintiff's health. In fact, plaintiff alleges that Dr. Long ordered the removal of the IV, and the order was not carried out. Plaintiff states that Dr. Long should have known the IV was not removed and that this constituted some type of negligent supervision of the medical staff. Negligence is not actionable in § 1983 cases. Nor is there one factual allegation explaining why or how Dr. Long would have known his orders were not carried out.

6

Lastly, liability under Section 1983 must be based on more than merely the right to control employees. Polk Co. v. Dodson, 454 U.S. 312, 325–26 (1981); Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Section 1983 liability cannot be premised on mere allegations of respondeat superior. Monell, 436 U.S. at 691; Polk, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. See e.g. Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990); Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir.), cert. denied, 459 U.S. 833 (1982). See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied 469 U.S. 845(1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. See e.g. Leach, 891 F.2d at 1246; Hayes v. Vessey, 777 F.2d 1149, 1154 (6th Cir.1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. Leach, 891 F.2d at 1246. At a minimum, the official must have knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. See e.g. Gibson v. Foltz, 963 F.2d 851, 854 (6th Cir.1992). Additionally, plaintiff must show that defendant had some duty or authority to act. See e.g. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989) (lower level official not liable for shortcomings of building); Ghandi v.

7

Police Dept. of City of Detroit, 747 F.2d 338, 351 (6th Cir.1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act). Again, supervisory liability claims cannot be based on simple negligence. Leach, 891 F.2d at 1246; Weaver v. Toombs, 756 F.Supp. 335, 337 (W.D.Mich.1989), aff'd 915 F.2d 1574 (6th Cir.1990).

For the above stated reasons, Dr. Long is dismissed from the case based on the continued frivolity determination for plaintiff's failure to state a claim.

    ii.    Defendant Nurse Bynum's Motion to Dismiss

The court next turns to Nurse Bynum's Motion to Dismiss. To begin, the court denies the motion to dismiss based on insufficiency of service of process under Rule 12(b)(5) and Rule 4 of the Federal Rules of Civil Procedure and failure to comply with Rule 4 of the North Carolina Rules of Civil Procedure. Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m). Rule 4(e)(1) permits a plaintiff to serve individual defendants "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1 A-1, Rule 4(j)(1)(c). A plaintiff may deliver the documents to defendant's place of employment. See id.; Moore v. Cox, 341 F.

8

Supp. 2d 570, 573 (M.D.N.C. 2004); Waller v. Butkovich, 584 F. Supp. 909, 926 (M.D.N.C. 1984).

When a defendant challenges service by certified mail, a plaintiff must submit an affidavit stating that a copy of the summons and complaint was mailed and attach the return receipt indicating that service was received in accordance with N.C. Gen. Stat. § 1-75.10(4). See Moore, 341 F. Supp. 2d. at 573. If the attached return receipt was signed by a person other than the addressee, North Carolina presumes "that the person who received the mail . . . and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F. Supp. 2d. at 573; Fender v. Deaton, 130 N.C. App. 657, 662, 503 S.E.2d 707, 710 (1998). A party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); see Moore, 341 F. Supp. 2d at 573.

There is no showing of improper service. On March 7, 2011, the United States Marshal filed a return of service on Nurse Bynum indicating service on him via certified mail, return receipt requested. The attached return receipt shows that the delivery was accepted by "Larry Vick" who, under North Carolina law, is presumed to be Bynum's agent for service of process. Only Bynum's affidavit challenging service has been filed. Because Burns has not overcome the presumption of valid service under North Carolina law, the court denies his motion to dismiss without prejudice based on improper service.

The motion to dismiss under Rule 12(b)(6) is set out above, as well as the factual outline and the court now turns to this discussion. The sole allegation as to defendant Bynum is that he

did not remove the IV as instructed by Dr. Long before plaintiff was transported to Lumberton CI. Because of defendant Bynum's failure to remove the IV, plaintiff fainted 3 times, and contends he "could have caused" serious injury. According to plaintiff and the report within his complaint, no injury with the exception of the fainting, resulted from the oversight. The IV site was without signs of redness or infection at removal. (Compl., Administrative Remesy Procedure, 14).

Deliberate indifference requires knowledge and purposefully ignoring risk to an inmates health. Farmer, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. "[O]bduracy and wantonness, not inadvertence or error in good faith, . . . characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986). Mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06. At most, negligence is alleged as to the failure to remove the IV by defendant Bynum. An error in good faith is simply not actionable, no injury resulted, and the motion to dismiss is allowed. (D.E. # 20). Therefore, having granted the motion to dismiss, the motion for protective order is MOOT. (D.E. # 39).

    iii.    Defendant Nurse West's Motion to Dismiss

The court next turns to Nurse West's motion to dismiss. The motion to dismiss standard is set out above as well as part one of the facts. The facts continue as follows. Upon return to Lumberton CI, Defendant Nurse West removed the IV lock from plaintiff's arm. (Id.) Plaintiff next alleges that someone referenced as "the head" told plaintiff that he would have to walk from his cell to the nurse's station four times per day to receive his medicine, contrary to doctor's

orders. (Id.) Plaintiff did walk to receive his pain medication and alleges that, as a result by the second morning following his surgery, his penis and scrotum were swollen and discolored. (Id.) Because of the swelling, plaintiff was sent to the hospital for emergency treatment on or about June 28, 2007. (Id.) At the hospital, Dr. Clearly wrote in his Discharge Instructions, "Post Operative Edema." He explained that the swelling appeared to be the result of "seepage of blood beneath the skin down into the penis and scrotum." He further found that it was "not harmful at this stage and should resolve readily if you will stay off your feet." (D.E. # 1, Compl. at 13). Upon plaintiff's return to Lumberton CI from the emergency room, plaintiff alleges that Nurse Butler ordered plaintiff to walk from his cell to the nurse's station to receive his pain medication. (Id. at 11) Plaintiff alleges that this was contrary to both his original discharge orders and the orders from his physician at the emergency facility. (Id.) Plaintiff further alleges that negligence on the part of the named parties, including Defendant West, could have resulted in his death, and did result in his mental and physical pain and suffering. (Id.)

The pleadings fail to allege any deliberate indifference as a result of Defendant West's conduct. Plaintiff's pleadings show that defendant West did not participate in plaintiff's transport to Lumberton CI with the IV still in place. Upon arrival, however, Defendant West removed the IV. The removal of the IV is not alleged to have been done incorrectly or to have caused any injury.

Further, while it is unclear to the court if plaintiff is alleging defendant West ordered plaintiff to walk to receive his medication upon his return to Lumberton, the court proceeds as such. However, plaintiff has failed to allege that Defendant West was deliberately indifferent to his medical needs. In North Carolina, the practice of nursing includes:

11

> "participating in implementing the health care plan developed by the
> registered nurse and/or prescribed by any person authorized by State
> law to prescribe such a plan, by performing tasks assigned or delegated
> by and performed under the supervision or under orders or directions
> of a . . . physician licensed to practice medicine . . . authorized by State
> law to provide the supervision."

N.C. Gen. Stat. § 90-171.20(7)(8)(c) (2011).

According to the attachments provided by plaintiff as evidence, Grievance 3980-06-0347 Step Two Response states that the post-op physician orders direct a decrease in activity, not bed rest. (Compl. at 14.) Plaintiff has not responded to the contrary. Furthermore, the doctor stated that the swelling was not harmful at this stage, thus Nurse West, if the one to order him to walk to medical, had not caused any injury. Lastly, under North Carolina law, a nurse may not alter or change orders of the unit physician. The court further reinterates plaintiff's allegation that it was not Nurse West who directed him to walk to the medical unit for medication after his return from the Emergency Room. That incident was a different nurse, Nurse Butler, as stated in his own allegations in the complaint. Nurse West's motion to dismiss is allowed. (D.E. # 17) Therefore, defendant West's motion for protective order is MOOT. (D.E. # 36).

  iv. Appointment of Counsel (D.E. #16 and # 34) and other motions (D.E. # 31 and # 35)

Plaintiff is also before the court with two motions for appointment of counsel, one motion being within the motion filed at Docket Entry # 34 which also seeks a motion to issue a stay of the execution of the Estate of Dr. Fred Long. (D.E. # 34) The motions for the appointment of counsel are denied as moot. (D.E. # 16 and # 34). The court further holds that portion of the motion to stay the execution of the Estate of Dr. Fred Long is denied as MOOT given his

12

dismissal from the action. Likewise, Dr. Fred Long was never properly served in that the summons was returned unexecuted on March 7, 2011. Thereafter the court attempted to facilitate service by directing the North Carolina Attorney General to provide Dr. Long's address. (D.E. # 31). It was in the response that his death was identified. Furthermore, the motion for entry of default is DENIED (D.E. # 25) because Dr. Long was never served with the complaint and thus had not "failed to plead or otherwise defend" as required by Federal Rules of Civil Procedure, Rule 55.

v.  Conclusion

For the above stated reasons the court finds the following. Plaintiff's motion to appoint counsel (D.E. # 16) is MOOT; plaintiff's motion for objections to the motion to dismiss, objections to the attorney general's representation of any named or un-named defendant and amendment to the complaint (D.E. # 24) is DENIED; plaintiff's motion for default judgment against Dr. Long (D.E. # 25) is DENIED, plaintiff's motion to appoint counsel, issue an order staying the execution of the Estate of Dr. Long, and instruct the North Carolina Department of Correction to provide supplies (D.E. # 34) is DENIED, plaintiff's motion to produce (D.E. # 35) is MOOT, defendant West's motion to dismiss (D.E. # 17) and motion for a protective order (D.E. # 36) are GRANTED, and defendant's Bynum's motion to dismiss (D.E. # 20) and motion for protective order (D.E. # 39) are GRANTED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the __6__ day of January 2012.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

13